Miller *v.* Ritz.

JOHN E. MILLER *v.* ROCCO RITZ.

In an action by the payee of a promissory note against the maker, it is a good defence that the note was given to the plaintiff to renew a previous note, upon the plaintiff's agreement to return it to the maker, and that the plaintiff has never returned such previous note.

In such case the note sued upon is in the plaintiff's hands without consideration.

It will not aid the plaintiff, under such circumstances, to admit that he holds both notes in his possession.

REVIEW of a judgment in favor of the payee against the maker of a promissory note, executed under the circumstances stated in the opinion.

*James McGay*, for the defendant.

*Ambrose L. Pinney*, for the plaintiff.

BY THE COURT. WOODRUFF, J.—This was an action upon a promissory note. The defence was want of consideration, and that the consideration had failed.

There appears to have been no controversy about the facts. It appeared on the trial that the plaintiff held a note of the defendant, and in renewal thereof, and upon the plaintiff's agreeing to surrender or return the same to the defendant, the latter gave to the plaintiff the note now in suit. And it also appeared that the plaintiff did not give up that note, for he admitted on the trial that he held both.

Upon this state of facts, the plaintiff was not entitled to recover. The note in suit was utterly without consideration, or perhaps more strictly, it was given for a consideration which had wholly failed. It never had any vitality in the plaintiff's hands until he had surrendered the first note. It was given for a special purpose, which was defeated by the plaintiff's own misconduct.

Had the action been brought upon the first note, the plaintiff might, notwithstanding this arrangement for a renewal, have brought the second note into court and surrendered it, and recovered as upon the original consideration therefor, to wit, the first note. But here he had no title to a recovery on the second note. He held it in bad faith. He had given no value therefor. I can find no principle upon which to sustain a recovery.

It may be added that, notwithstanding the plaintiff's admission on the trial, it may prove that this objection is altogether substantial and meritorious—for suppose, after the payment of the judgment recovered below, the defendant should be sued

by some third person, who is proved to be the holder of the first note, and to have been such holder at the time of the giving of the second note, how, in such case, could the defendant protect himself against the payment of both notes?

The judgment must be reversed with costs.

Ordered accordingly.